## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIBAY BARKLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | |
| | : | |
| LEHIGH AND NORTHAMPTON | : | NO. 17-CV-02293 |
| TRANSPORTATION AUTHORITY a/k/a | : | |
| LANTA, THOMAS A. BETZLER, SR., | : | |
| CITY OF ALLENTOWN, EDWIN | : | |
| PAWLOWSKI, ALLENTOWN POLICE | : | |
| DEPARTMENT, KEITH A. MORRIS, | : | |
| ROBERT BUSCH, and ZACHARY | : | |
| THOMAS WITTMAN | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS, CITY OF ALLENTOWN, EDWIN PAWLOWSKI, ALLENTOWN POLICE DEPARTMENT, KEITH A. MORRIS, ROBERT BUSCH, AND ZACHARY THOMAS WITTMAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, City of Allenton, Mayor Edwin Pawlowski, Allentown Police Department, (former) Chief Keith A. Morris, Officer Robert Busch, and Officer Zachary Thomas Wittman (hereinafter referred to as "Allentown Defendants" or "Answering Defendants"), by and through their attorneys, The MacMain Law Group, LLC, hereby answer Plaintiff's Complaint as follows, denying each and every averment except as expressly admitted below:

### INTRODUCTION

1.       Admitted that this action is brought by Alibay Barkley to vindicate alleged deprivations of his constitutional rights. It is specifically denied that any of Plaintiff's constitutional rights were violated by the Allentown Defendants.

2.      Denied. The averments of this paragraph are directed at a party other than Allentown Defendants and accordingly, no response is required. To the extent that a response is required, they are denied.

3.      Admitted in part. Denied in part. It is admitted that the Allentown Police Department was summoned to assist LANTA personnel in dealing with the Plaintiff. By way of further response, it was reported to the Allentown Defendants by LANTA personnel that Plaintiff was attempting to ride on the LANTA bus without a ticket and that he was refusing LANTA personnel's requests to show his ticket. The remaining averments of this paragraph are denied.

4.      Denied. The averments of this paragraph are directed at a party other than the Allentown Defendants and accordingly no response is required. To the extent that a response is required, they are denied.

5 – 7.   Denied. By way of further response, Plaintiff refused to comply with the officers' commands to show and swipe the all-day bus pass he claimed to have. The alleged all-day bus pass was never seen by any of the Allentown Defendants. Due to Plaintiff's continued refusal to comply with officer commands, refusal to leave the bus of his own volition, and increasing resistance to the officers' efforts to restrain and remove him, he had to be forcibly removed from the bus and the use of a Taser in drive stun mode was required. The remaining averments of these paragraphs are specifically denied.

8 – 11. Denied.

## JURISDICTION AND VENUE

12.      Admitted that Plaintiff brings this action for alleged violations of the United States Constitution pursuant to 42 U.S.C. Section 1981, 1983, 1985, 1986, and 1988. It is specifically denied that Plaintiff is entitled to the relief sought.

13.     Admitted that jurisdiction properly lies with this Court.

14.     Admitted that venue properly lies with this Court.

**PARTIES**

15.     Admitted, on information and belief.

16 – 33.     Denied. The averments of these paragraphs are directed at parties other than Answering Defendant and accordingly no response is required. To the extent that a response is required, they are denied.

34.     Admitted.

35.     Admitted.

36.     Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

37 – 43.     Admitted.

44.     Admitted in part. Denied in part. It is admitted only that Defendant Robert Busch is an adult individual who at all times material hereto was serving in his capacity as a police officer of the Allentown Police Department. The remaining averments of this paragraph are denied.

45.     Admitted.

46.     Admitted in part. Denied in part. It is admitted only that Defendant Zachary Thomas Wittman is an adult individual who at all times material hereto was serving in his capacity as a police officer of the Allentown Police Department. The remaining averments of this paragraph are denied.

47.     Admitted.

48 – 50.      Denied. The averments of this paragraph are directed at parties other than

Answering Defendants and accordingly no response is required. To the extent that a response is

required, they are denied.

51.      Denied.

52.      Admitted.

## FACTUAL ALLEGATIONS

53.      Allentown Defendants hereby incorporate by reference their answers to

paragraphs 1 through 52, inclusive, to Plaintiff's Complaint, as if fully set forth at length herein.

### Alleged Purchase of All-Day Bus Pass on Morning of 8/18/16

54 – 55.      Denied.

### Alleged Regular and Frequent LANTA Bus Passenger

56 – 57.      Denied.

### Morning of 8/18/16 – Going to the Hospital

58 – 61.      Denied.

### Late Morning of 8/18/16 – Picked Up from the Hospital

62 – 64.      Denied.

### Rosa Parks Seat

65 – 67.      Denied.

### Stop at the Allentown Transfer Center (ATC)

68 – 74.      Denied.

### Alleged False Freeloading Accusation – Bus Driver

75.      Admitted, on information and belief.

4

76 – 79.      Denied. The averments of these paragraphs are directed at a party other than Answering Defendant and accordingly, no response is required. To the extent a response is required, the averments are denied.

**Alleged False Freeloading Accusation & Public Disparagement – Security Officer**

80 – 87.      Denied. The averments of these paragraphs are directed at a party other than Answering Defendant and accordingly, no response is required. To the extent a response is required, they are denied.

**Police Arrive on the Bus**

88.      Admitted.

89.      Admitted in part, denied in part. It is admitted that, after the Bus Driver identified Plaintiff to Officer Wittman, Officer Wittman approached and spoke to Plaintiff, including asking him to swipe the all-day bus pass that he alleged to have and explained that it would not cost him anything to do so. It is further admitted that Plaintiff refused to show or swipe the all-day bus pass he claimed to have. The remaining averments of this paragraph are denied.

90.      Admitted.

91.      Admitted in part, denied in part. It is admitted that, upon his arrival, Officer Busch learned from the Bus Driver that Plaintiff had not swiped his bus pass. Officer Busch approached Plaintiff and explained that he needed to either swipe the all-day bus pass that he claimed to have, or exit the bus. Officer Busch further explained that if he continued to refuse both options, the officers would be forced to remove him from the bus. The remaining averments of this paragraph are denied.

92.     Denied as stated. By way of further response, after speaking with the bus driver, Officer Busch approached Officer Whitman, who was speaking with Plaintiff. Officer Busch immediately observed that Plaintiff was hostile and upset. Officer Busch advised Plaintiff that he could stand up and swipe the card, stand up and leave the bus, or be taken off of the bus by the police. Plaintiff refused to move and told Officer Busch that he better not touch him. At this time, Officer Busch advised Plaintiff to stand up and told him that the officers were taking him off of the bus. In an effort to assist Plaintiff off of the bus, Officer Busch tried to grab Plaintiff's right arm to stand him up and assist him off of the bus in the escort position. Plaintiff swung his arm away from Officer Busch and again told him not to touch him. At that time, due to Plaintiff's continued hostility and resistance, Officer Busch drew his Taser and again asked Plaintiff to stand up. When Plaintiff again refused to stand up, Officer Busch holstered his Taser because he believed that it may be ineffective at that time in the seat that Barkley was in.

**Use of Taser and Alleged Excessive Force**

93.     Denied a stated. By way of further response, Plaintiff became more and more irritated and began to clench his arms tightly. Officers Whitman and Busch determined that Plaintiff would not be able to be removed from the bus in the escort position. Accordingly, they attempted to grab his arms so that they could stand him up. Plaintiff fought back by pushing off of the seats and grabbing metal bars attached to the bus so that the officers could not move him. Officer Busch attempted to grab Plaintiff several times to lift him out of the seat and off of the bus, but this was not successful because Plaintiff was moving his arms and legs around. Officer Busch then tried a wrist lock, as did Officer Whitman, but this was also ineffective in getting Plaintiff to move. At that time, Officer Busch called for extra units.

Thereafter, Officer Busch was able to stand on the seat and use his knee to push Plaintiff out of the seat. As he was doing so, Plaintiff grabbed onto another seat. At this time, Officer Mancini arrived on the scene and tried to assist with the handcuffing of Plaintiff. Plaintiff continued to resist their efforts. At this time, Officer Busch used his Taser in drive stun mode to gain compliance from Plaintiff. The Taser was used in drive stun mode in the meaty part of the left thigh of Plaintiff in an attempt to gain compliance. The Taser use was semi-effective and Plaintiff was able to be handcuffed by Lieutenant Gratiz. At this time, Plaintiff was taken off of the bus where he continued to cause problems for officers.

94.     Denied as stated. By way of further response, after his removal from the bus, Plaintiff continued to cause problems for the officers. Plaintiff was searched by the officers and his property was placed in a bag and he was transported to Allentown Police Department headquarters by Officer Biroisk.

### Alleged Spoliation of Evidence – Alleged Destruction of All-Day Bus Pass

95.     Admitted.

96.     Denied. By way of further response, Officer Busch obtained Plaintiff's wallet and placed it and all of its contents into an evidence bag. It is specifically denied that Officer Busch opened the wallet and removed Plaintiff's all-day bus pass from inside the wallet. By way of further response, no APD Defendant ever observed an all-day bus pass in Plaintiff's possession or property.

97.     Denied.

### Allentown Police Allegedly Acted in Concert – Allegedly Predictable Pattern Behavior

98 – 105.      Denied. The averments contained in these paragraphs are conclusions of law to which no response is required. To the extent a response is required, they are denied.

**Surveillance Video & Other Footage**

106.    Denied as stated. It is specifically denied that the factual allegations contained in paragraphs 62 through 97 of Plaintiff's Complaint are corroborated by surveillance video provided to Plaintiff by LANTA and by video provided to Plaintiff by bystander witnesses. By way of further response, it is admitted that video of Plaintiff's interaction with the Allentown Police Department at the time of the incident are contained on video recordings. It is denied that any video recordings depict the events as they are described by Plaintiff in the Complaint.

**Alleged Unlawful Detainment, Incarceration & False Charges**

107.    Admitted in part. Denied in part. It is admitted only that shortly after this incident, Plaintiff was transported to the Allentown Police Department. The remaining averments of this paragraph are denied.

108.    Admitted.

109.    Admitted.

110.    Admitted.

111.    Denied as stated. It is admitted that following his preliminary arraignment, Plaintiff was charged with resisting arrest and other law enforcement, theft of services, and disorderly conduct. It is specifically denied that Plaintiff was "falsely charged" with any criminal offenses.

112.    Admitted.

113.    Admitted in part. Denied in part. It is admitted only that from August 19, 2016 until December 6, 2016, Plaintiff, as a condition of his bail, was required to contact the Lehigh County pretrial services on a weekly basis in order to be part of their pretrial

8

monitoring program. It is specifically denied that Plaintiff was falsely charged with any crimes.

**After Leaving Prison – All Day Bus Pass Allegedly Missing from Wallet**

114.    Admitted.

115.    Denied as stated. It is specifically denied that there was, at any time during this incident, an all-day bus pass in Plaintiff's wallet.

**Alleged Destruction of Surveillance - LANTA**

116 – 119.     Denied. The averments of these paragraphs are directed at a party other than Answering Defendants and accordingly, no response is required. To the extent that a response is required, they are denied.

**First Alleged Malicious and Wrongful Prosecution**

120.    Admitted.

121.    Admitted in part. Denied in part. It is admitted that Officer Wittman served as prosecutor, affiant, arresting officer, and witness during the first preliminary hearing. The remaining averments of this paragraph are denied.

122.    Admitted in part. Denied in part. It is admitted that the hearing included the testimony of both Officer Whitman and the bus driver. It is further admitted that, following the hearing, Judge Devine dismissed all of the charges that had been filed against Plaintiff. It is specifically denied that the charges were "falsely asserted" against Plaintiff.

123.    Denied. The averments of these paragraphs are directed at a party other than Answering Defendants and accordingly, no response is required. To the extent that a response is required, they are denied.

### Second Alleged Malicious and Wrongful Prosecution

124.    Admitted.

125.    Admitted.

126.    Admitted in part, denied in part. It is admitted that during the second preliminary hearing Officer Wittman served as prosecutor, affiant, arresting officer, and witness. The remaining averments of this paragraph are denied.

127.    Admitted.

128.    Admitted.

### Plaintiff's Alleged Damages

129 – 137.    Denied.

### COUNT ONE (1)
### DISCRIMINATION BASED ON RACE
### AND COLOR IN VIOLATION OF
### 42 U.S.C. §2000d ET SEQ.
### (Plaintiff v. All Defendants)

138.    Allentown Defendants hereby incorporated by reference their answers to paragraphs 1 through 137 inclusive to Plaintiff's Complaint as if set forth at length here.

139.    Admitted.

140.    Admitted.

141.    Denied.

142.    Admitted. By way of further response, Answering Defendants specifically deny that they manhandled, injured, humiliated, embarrassed, or discriminated against Plaintiff.

143.    Admitted in part. Denied in part. It is admitted only that, based on the information received from LANTA, Answering Defendants, pursuant to their investigation, questioned Plaintiff. Due to Plaintiff's resistance and refusal to comply with the officer's requests, he was

ultimately restrained, detained, removed from the bus, and arrested. During the course of Plaintiff's removal from the bus, due to his continued resistance, a Taser device was utilized. The remaining averments of this paragraph are denied.

144.   Denied.

145.   Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees, under, *inter alia*, 42 U.S.C. § 1988 and any other further relief deemed appropriate by this Court.

## COUNT TWO (II)
## DEPRAVATION OF RIGHT OR
## PRIVILEGE IN VIOLATION OF
## 42 U.S.C. §1985
## (Plaintiff v. All Defendants)

146.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 145, inclusive, to Plaintiff's Complaint as if fully set forth at length.

147.   Admitted.

148 – 167.   Denied.

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees, under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNTY THREE (III)
## RACIAL & COLOR DISCRIMINATION
## UNDER COLOR OF STATE LAW IN
## VIOLATION OF 42 U.S.C. §1983
### (Plaintiff v. All Defendants)

168.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 167, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

169 – 172.    Denied.

173.    Admitted. By way of further response, Plaintiff was forcibly removed by police officers from the bus due to his resistance and refusal to comply with their requests to show and/or swipe his bus pass. After being removed from the bus he was placed in handcuffs and a search incident to arrest was conducted.

174 – 178.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT FOUR (IV)
## DENIAL OF EQUAL RIGHTS UNDER
## THE LAW IN VIOLATION OF
## 42 U.S.C. §1981
### (Plaintiff v. All Defendants)

179.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 178, inclusive, of this Complaint, as if fully set forth at length.

180.    Admitted.

181.    Admitted. By way of further response, it is specifically denied that Plaintiff was subjected to racially motivated accusations, beatings, arrests, and the filing of false charges.

182.    Admitted in part. Denied in part. It is admitted that Defendant Officers Bush and Wittman are Caucasian and that, at the time of the incident at issue, they were acting under color of state law. The remaining averments of this paragraph are denied.

183.    Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent a response is required, they are denied.

184 – 192.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT FIVE (V)
## CONSPIRACY TO INTERFERE WITH
## CIVIL RIGHTS IN VIOLATION OF
## 42 U.S.C. §1985
## (Plaintiff v. All Defendants)

193.    Answering Defendants incorporate by reference their answers to paragraphs 1 through 192, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

194.    Admitted in part. Denied in part. It is admitted that Defendant Officers Bush and Wittman are Caucasian and that they were acting under color of state law at the time of the incidents at issue in Plaintiff's Complaint. The remaining averments of this paragraph are specifically denied.

195 – 200.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees, under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT SIX (VI)**
**FAILURE TO PREVENT ACTIONS IN**
**VIOLATION OF 42 U.S.C. §§1985-6**
**(Plaintiff v. All Defendants)**

201.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 200, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

202.    Admitted.

203.    Admitted.

204 – 206.    Denied. The averments of these paragraphs are directed at parties other than Answering Defendants and accordingly no response is required. To the extent that a response is required, they are denied.

207 – 218.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT SEVEN (VII)**
***BRADY* VIOLATIONS**
**(Plaintiff v. All Defendants)**

219.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 218, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

220 – 225.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT EIGHT (VIII)**
**STATE CIVIL CONSPIRACY**
**(Plaintiff v. All Defendants)**

226.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 225, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

227.    Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

228 – 230.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT NINE (IX)**
**STATE LAW CLAIM**
**DISCRIMINATION BASED ON RACE &**
**COLOR IN VIOLATION OF THE**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. §§ 951-963**
**(Plaintiff v. All Defendants)**

231.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 230, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

232 – 235.    Admitted.

236 – 239.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against the Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

15

## COUNT TEN (X)
## STATE LAW CLAIM
## STATE CONSTITUTIONAL VIOLATIONS
### (Plaintiff v. All Defendants)

240.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 239, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

241 – 242.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT ELEVEN (XI)
## STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff v. All Defendants)

243.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 242, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

244 – 247.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT TWELVE (XII)
## STATE LAW CLAIM
## SLANDER/DEFAMATION PER SE/FALSE ACCUSATION
### (Plaintiff v. LANTA, Betzler & LANTA Security Officer)

248.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 247, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

249 – 253.    Denied. The averments of these paragraphs are directed at parties other than Answering Defendant and accordingly, no response is required. To the extent that a response is required, they are denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT THIRTEEN (XIII)
### STATE LAW CLAIM
### NEGLIGENCE/VICARIOUS LIABILITY
### (Plaintiff v. LANTA, Betzler & LANTA Security Officer)

254.    Answering Defendants hereby incorporate by reference the answers to paragraphs 1 through 253, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

255 – 284.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT FOURTEEN (XIV)
### STATE LAW CLAIM
### BREACH OF CONTRACT
### (Plaintiff v. LANTA, Betzler & LANTA Security Officer)

285.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 284, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

286 – 291.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT FIFTEEN (XV)**
**BREACH OF IMPLIED CONTRACT**
**(Plaintiff v. LANTA, Betzler & LANTA Security Officer)**

292.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 291, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

293 – 299.     Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT SIXTEEN (XVI)**
**EXCESSIVE FORCE AND PHYSICAL**
**BRUTALITY IN VIOLATION OF THE**
**FOURTH AND FOURTEENTH AMENDMENTS**
**42 U.S.C. §1983**
**(Plaintiff v. Allentown Defendants)**

300.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 299, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

301.     Admitted, on information and belief.

302.     Admitted.

303.     Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

304.     Denied. The averments of this paragraph are conclusions of law to which no response is required. to the extent that a response is required, they are denied.

308 – 319.     Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

18

**COUNT SEVENTEEN (XVII)**
**42 U.S.C. §1983 RACIAL DISCRIMINATION IN**
**VIOLATION OF THE EQUAL PROTECTION CLAUSE**
**OF THE FOURTEENTH AMENDMENT AND**
**42 U.S.C. §1981**
**(Plaintiff v. Allentown Defendants)**

320.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 319, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

321.    Admitted.

322.    Admitted.

323.    Admitted.

324.    Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

325.    Admitted.

326.    Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

327 – 355.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT EIGHTEEN (XVIII)**
**RETALIATION IN VIOLATION OF**
**THE FIRST AMENDMENT**
**42 U.S.C. §1983**
**(Plaintiff v. Allentown Defendants)**

336.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 335, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

337.    Admitted.

19

338.   Admitted.

339.   Admitted.

340.   Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent a response is required, they are denied.

341.   Admitted.

342.   Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent a response is required, they are denied.

343 – 356.   Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT NINETEEN (XIX)
## MALICIOUS PROSECUTION IN VIOLATION OF
## FOURTH AND FOURTEENTH AMENDMENTS
## 42 U.S.C. §1983
## (Plaintiff v. Allentown Defendants)

357.   Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 356, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

358.   Admitted.

359.   Admitted.

360 – 366.   Denied.

367.   Admitted.

368 – 375.   Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT TWENTY (XX)
## FAILURE TO INTERVENE
## IN VIOLATION OF
## 42 U.S.C. §1983
## (Plaintiff v. Allentown Defendants)

376.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 375, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

377.    Denied.

378.    Denied.

379.    Admitted.

380 – 387.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT TWENTY-ONE (XXI)
## FALSE ARREST & IMPRISONMENT
## IN VIOLATION OF 42 U.S.C. §1983
## (Plaintiff v. Allentown Defendants)

388.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 387, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

389 – 393.    Denied.

394.    Admitted.

395 – 400.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT TWENTY-TWO (XXII)
## VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS
## 42 U.S.C. §1983
## (Plaintiff v. Allentown Defendants)

401.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 400, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

402 – 407.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT TWENTY-THREE (XXIII)
## CIVIL CONSPIRACY
## IN VIOLATION OF
## 42 U.S.C. §1983
## (Plaintiff v. Allentown Defendants)

408.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 407, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

409.    Admitted.

410 – 415.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT TWENTY-FOUR (XXIV)**
**SUPERVISOR/POLICYMAKER LIABILITY**
**42 U.S.C. §1983**
**(Plaintiff v. City of Allentown, Pawlowski and Morris)**

416.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 415, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

417.    Denied.

418.    Admitted.

419.    Admitted.

420 – 425.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT TWENTY-FIVE (XV)**
**42 U.S.C. §1983**
***Monell* Policy Claims**
**(Plaintiff v. City of Allentown)**

426.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 425, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

427 – 430.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT TWENTY-SIX (XXVI)**
**DELIBERATELY INDIFFERENCE POLICIES,**
**PRACTICES, CUSTOMS, TRAINING, AND**
**SUPERVISION IN VIOLATION OF THE FOURTH,**
**FOURTEENTH, AND FIRST AMENDMENTS**
**42 U.S.C. §1981**
**(Plaintiff v. City of Allentown, Pawlowski, Morris and LANTA)**

431.    Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 430, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

432.    Admitted.

433.    Denied. The averments of this paragraph are directed at a party other than Answering Defendant and accordingly, no response is required. To the extent a response is required, they are denied.

434 – 436.    Denied.

437 – 438.    Denied. The averments of this paragraph are directed at a party other than Answering Defendants and accordingly, no response is required. To the extent a response is required, they are denied.

439.    Denied.

440.    Denied. The averments of this paragraph are directed at parties other than Answering Defendants and accordingly, no response is required. To the extent a response is required, they are denied.

441.    Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT TWENTY-SEVEN (XXVII)
### MUNICIPAL LIABILITY
### 42 U.S.C. §1981
### (Plaintiff v. City of Allentown and LANTA)

442.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 441, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

443 – 445.     Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT TWENTY-EIGHT (XXVIII)
### STATE LAW CLAIM
### ASSAULT AND BATTERY
### (Plaintiff v. Allentown Defendants)

446.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 445, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

447 – 450.     Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT TWENTY-NINE (XXIX)
### STATE LAW CLAIM
### MALICIOUS PROSECUTION
### (Plaintiff v. All Defendants)

451.     Admitted.

452 – 456.     Denied.

457.     Admitted.

458.     Admitted.

25

459.     Admitted in part. Denied in part. It is admitted only that, following a preliminary hearing, the charges against Plaintiff were dismissed by Judge Devine. The remaining averments of this paragraph are denied.

460.     Denied. The averments of this paragraph are directed at a party other than Answering Defendant and accordingly, no response is required. To the extent a response is required, they are denied.

461.     Admitted.

462.     Admitted.

463.     Admitted.

464.     Admitted.

465.     Denied.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**COUNT THIRTY (XXX)**
**STATE LAW CLAIM**
**RESPONDEAT SUPERIOR**
**(Plaintiff v. All Defendants)**

466.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 465, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

467 – 468.     Denied. The averments of these paragraphs are directed at parties other than Answering Defendants and accordingly, no response is required. To the extent a response is required, they are denied.

469.     Admitted.

470.     Denied.

26

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT THIRTY-ONE (XXXI)
### STATE LAW CLAIM
### INDEMNIFICATION
### (Plaintiff v. All Defendants)

471.     Answering Defendants hereby incorporate by reference their answers to paragraphs 1 through 470, inclusive, to Plaintiff's Complaint, as if fully set forth at length.

472 – 474.     Denied.

WHEREFORE, Answering Defendant respectfully requests that this Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### AFFIRMATIVE DEFENSES

Answering Defendants have not yet obtained adequate discovery from Plaintiff in connection with this action to fully understand Plaintiff's Complaint, and therefore, Answering Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of any Answering Defendants violated any constitutional rights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any improper acts or omissions by Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's and/or a third-party's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such a claim is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### ELEVENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### TWELTH AFFIRMATIVE DEFENSE

At no time material hereto were any of the Answering Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any of the Answering Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' health, safety and welfare.

## FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's Constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of the Answering Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunities of all individuals, including Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not willfully or intentionally commit any wrongful act causing injury or damage to the Plaintiff and in the absence of willful conduct there can be no liability on the part of Answering Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants adopt, permit, or follow, either formally or informally, a policy, custom or practice of violating a person's Constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff's decedent.

## NINETEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies and procedures of Answering Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges, and immunities of all individuals, including Plaintiff's decedent.

### TWENTIETH AFFIRMATIVE DEFENSE

At all times material hereto, the procedures of Answering Defendants for training, evaluating and, when necessary, disciplining police officers have been reasonable and appropriate and have insured the protection of all rights, privileges, and immunity of all individuals, including Plaintiff's decedent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Pennsylvania Constitution does not provide a private cause of action for damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants' actions were justified by the doctrines of self-defense and/or defense of others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and their use of force was reasonable, necessary and justified.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541 *et seq*. All defenses therein are incorporated by reference as though fully set forth at length herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendants' actions were appropriate under the circumstances and based upon a reasonable good-faith belief that probable cause existed that Plaintiff had committed certain criminal offenses.

**DEFENDANTS, CITY OF ALLENTOWN, EDWIN PAWLOWSKI, ALLENTOWN POLICE DEPARTMENT, KEITH A. MORRIS, ROBERT BUSCH, AND ZACHARY THOMAS WITTMAN'S CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST LEHIGH AND NORTHAMPTON TRANSPORTATION AUTHORITY a/k/a LANTA, THOMAS A. BETZLER, SR., AND JOHN DOE SECURITY OFFICER**

Defendants, City of Allentown, Edwin Pawlowski, Allentown Police Department, Keith A. Morris, Robert Busch, and Zachary Thomas Wittman, by and through their attorneys, The MacMain Law Group, LLC, as provided for in FED. R. CIV. P. 13(g), hereby assert the following cross-claim at common law against Lehigh and Northampton Transportation Authority a/k/a LANTA, Thomas A. Betzler, Sr., and John Doe Security Officer (hereinafter and collectively the "Cross-Claim Defendants"), and state as follows:

1.      Without admitting the truth of such allegations, Defendants City of Allentown, Edwin Pawlowski, Allentown Police Department, Keith A. Morris, Robert Busch, and Zachary Thomas Wittman, incorporate the allegations of Plaintiff's Complaint to the extent such allegations pertain to the Cross-Claim Defendants.

2.      If it is judicially determined that the allegations of Plaintiff's Complaint are true, said allegations being specifically denied as they relate to Defendant City of Allentown, Edwin Pawlowski, Allentown Police Department, Keith A. Morris, Robert Busch, and Zachary Wittman, then one or more of the Cross-Claim Defendants are alone liable to Plaintiff, jointly or severally liable, or liable over to Defendants City of Allentown, Edwin Pawlowski, Allentown Police Department, Keith A. Morris, Robert Busch, and Zachary Thomas Wittman for indemnity and/or contribution.

**THE MACMAIN LAW GROUP, LLC**

Dated: July 21, 2017             By:     */s/ David J. MacMain*
                                         David J. MacMain
                                         Nicole C. Freiler
                                         Attorney I.D. No. 59320/313812
                                         101 Lindenwood Drive, Suite 160
                                         Malvern, PA 19355
                                         *Attorneys for Defendants, City of Allentown,*
                                         *Edwin Pawlowski, Allentown Police*
                                         *Department, Keith A. Morris, Robert Busch, and*
                                         *Zachary Thomas Wittman*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 20th day of July, 2017 the

foregoing was filed electronically and is available for viewing and downloading from the United

States District Court of the Eastern District of Pennsylvania. All counsel of record were served

via electronic notification.

John E. Kotsatos
Kotsatos Law, PLLC
717 Washington Street
Easton, PA 18042
*Attorney for Plaintiff*

Sean E. Summers
Jill E. Nagy
Summers Nagy Law Offices
35 South Duke Street
York, PA 17401
*Attorney for Co-Defendants*

**THE MACMAIN LAW GROUP, LLC**

Dated: July 21, 2017          By:      */s/ David J. MacMain*
                                              David J. MacMain
                                              Attorney I.D. No. 59320
                                              101 Lindenwood Drive, Suite 160
                                              Malvern, PA 19355
                                              *Attorney for Defendants, City of Allentown,*
                                              *Edwin Pawlowski, Allentown Police*
                                              *Department, Keith A. Morris, Robert Busch, and*
                                              *Zachary Thomas Wittman*